IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HERBERT R. ARCHER and<br>LINDA ARCHER,<br>    Plaintiffs, | §<br>§<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO. H-05-0786 |
| ALLSTATE INSURANCE COMPANY<br>and BESSIE CARAWAY,<br>    Defendants. | §<br>§<br>§<br>§ | |

## MEMORANDUM AND ORDER

This insurance case is before the Court on the Motion to Remand [Doc. # 6] filed by Plaintiffs Herbert and Linda Archer. Defendant Allstate Property and Casualty Insurance Company[1] ("Allstate") filed a Response [Doc. # 8]. Having reviewed the full record in this case, as well as the applicable legal authorities, the Court concludes that it lacks subject matter jurisdiction and this case must be **remanded** to state court.

I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs have a homeowners' insurance policy with Allstate. In February 1999, Plaintiffs became aware that the sewer was leaking. Allstate paid for repairs to the leaky plumbing.

Plaintiffs allege that in 2003 they noticed foundation problems which they believed were the result of the sewer leaks in 1999. Plaintiffs also allege that they filed a claim with Allstate and submitted reports which supported their position that the foundation movement resulted from prior the sewer leaks.

---

[1] Plaintiffs named "Allstate Insurance Company" as a Defendant in this case, but Defendant has clarified that its proper name is "Allstate Property and Casualty Insurance Company."

Defendant Bessie Caraway, a citizen and resident of Texas, was the claims adjuster for Plaintiffs' foundation damage claim. After Caraway received and reviewed engineering and other reports, Defendants denied Plaintiffs' insurance claim.

After their claim was denied, Plaintiffs filed this lawsuit in the Harris County Court at Law Number Three. Plaintiffs alleged that the denial of their insurance claim violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act. Plaintiffs also alleged that Defendants engaged in common law fraud, negligent misrepresentation, and breach of contract.

Defendants removed the case to federal court on the basis of diversity jurisdiction, alleging that Caraway had been improperly joined and that her citizenship should not be considered. Plaintiffs filed a Motion to Remand, which is now ripe for decision.

## II.   ANALYSIS

### A.   Removal Jurisdiction

Federal jurisdiction is limited. The party invoking this Court's removal jurisdiction bears the burden of establishing federal jurisdiction. *See Manguno v. Prudential Property and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997) (citation omitted). Thus, the burden of proving that complete diversity exists rests upon the party who seeks to invoke the court's diversity jurisdiction. *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991). The removal statute "is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns." *Frank*, 128 F.3d at 922; *Manguno*, 276 F.3d at 723.

In evaluating the propriety of removal, this Court must evaluate all factual allegations in the light most favorable to Plaintiffs, must resolve all contested issues of fact in favor of

Plaintiffs, and must resolve all ambiguities of controlling state law in favor of Plaintiffs. *See Burden v. General Dynamics Corp.*, 60 F.3d 213, 216 (5th Cir. 1995) (citations omitted).

### B.      Improper Joinder[2]

The Fifth Circuit has stressed that "[t]he burden of persuasion on those who claim [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003). "When a defendant removes a case to federal court on a claim of improper joinder, the district court's first inquiry is whether the removing party has carried its heavy burden of proving that the joinder was improper." *Smallwood v. Illinois Central RR. Co.,* 385 F.3d 568, 576 (5th Cir. 2004) (*en banc*), *cert. denied*, __ U.S. __, 125 S. Ct. 1825 (2005). The court lacks jurisdiction when the removing party does not meet this burden. *Id.* There are two ways of establishing improper joinder: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Id.* at 573 (quoting *Travis,* 326 F.3d at 646-47). "[T]he test for [improper] joinder is whether the defendant has demonstrated that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[3] *Id.; see also Gray v. Beverly Enterprises-Mississippi, Inc.*, 390 F.3d 400, 405 (5th Cir. 2004).

"Since the purpose of the improper joinder inquiry is to determine whether or not the in-state defendant was properly joined, the focus of the inquiry must be on the joinder, not the merits of the plaintiff's case." *Smallwood,* 385 F.3d at 573. In determining whether a

---

[2]   The Fifth Circuit has adopted "improper joinder" as the preferred terminology rather than "fraudulent joinder." *See Melder v. Allstate Corp.*, 404 F.3d 328, 329 (5th cir. 2005) (citing *Smallwood v. Illinois Central RR Co.*, 385 F.3d 568 n. 1 (5th Cir. 2004) (*en banc*), *cert. denied*, 125 S. Ct. 1825 (2005)).

[3]   The Fifth Circuit has adopted this phrasing of the required proof for improper joinder and rejected all others. *Smallwood,* 385 F.3d at 573.

plaintiff has a "reasonable basis" for recovery under state law, a court may "conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.*

The Fifth Circuit recently held in *Smallwood* that "[w]hen the only proffered justification for improper joinder is that there is no reasonable basis for predicting recovery against the in-state defendant, and that showing is equally dispositive of all defendants rather than to the in-state defendants alone, the requisite showing has not been made" to establish improper joinder. *Id*. at 575.

**C.     Application of Legal Principles**

Defendants do not contest that Texas state law recognizes a cause of action under the Texas Insurance Code against insurance company employees. *See, e.g., Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 545 (5th Cir. 2004) (citing *Liberty Mutual Ins. Co. v. Garrison Contractors*, 966 S.W.2d 482 (Tex. 1998)). Defendant claims, instead, that Plaintiffs' state court Petition fails to allege sufficient facts against Caraway to state a cause of action against her.

"Texas follows a 'fair notice' pleading standard, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial." *Penley v. C.L. Westbrook*, 146 S.W.3d 220, 232 (Tex. App. – Ft. Worth 2004, *reh'g denied, pet. filed*) (citing *Horizon/CMS Healthcare Corp. v. Auld*, 34 S.W.3d 887, 896 (Tex. 2000)). "The test of the 'fair notice' pleading requirement is whether an opposing attorney of reasonable competence, with pleadings before him, can ascertain nature and basic issues of controversy and testimony probably relevant." *City of Alamo v. Casas*, 960 S.W.2d 240, 251 (Tex. App. – Corpus Christi 1997, *pet. denied*). "A petition is sufficient if it gives fair and adequate notice of the facts upon which the pleader

bases his claim." *Penley*, 146 S.W.3d at 232 (quoting *Auld*, 34 S.W.3d at 897). A party's pleadings are to be construed liberally in favor of the pleader. *Auld*, 34 S.W.3d at 897.

The Court agrees with Allstate that the factual allegations in the Petition are minimal. The Court cannot conclude, however, that the Petition fails to meet Texas's fair notice pleading standard. The Petition gives Allstate notice of the claims asserted against both Defendants, and the underlying facts may be developed more fully through discovery. Consequently, the Court cannot find that there is no possibility of recovery by Plaintiffs against Defendant Caraway in state court and, therefore, cannot conclude that Caraway was improperly joined.

Additionally, even were the Court to conclude that Plaintiffs' state court Petition would fail to meet Texas's notice pleading standards, the Petition would be equally deficient as to Allstate. "[W]hen, on a motion to remand, a showing that compels a holding that there is no reasonable basis for predicting that state law would allow the plaintiff to recover against the in-state defendant necessarily compels the same result for the nonresident defendant, there is no improper joinder; there is only a lawsuit lacking in merit. In such cases, it makes little sense to single out the in-state defendants as 'sham' defendants and call their joinder improper. In such circumstances, the allegation of improper joinder is actually an attack on the merits of plaintiff's case as such – an allegation that, as phrased by the Supreme Court in *Chesapeake & O.R. Co. v. Cockrell,* 'the plaintiff's case [is] ill founded as to all the defendants.'" *Smallwood,* 385 F.3d at 574 (quoting *Chesapeake,* 232 U.S. 146, 153 (1914)). On this basis, also, the Court concludes that remand is appropriate.

Allstate has failed to show that there is complete diversity of citizenship among the parties. Absent complete diversity, the Court lacks subject matter jurisdiction over the claims in this case.

### III.  CONCLUSION AND ORDER

For the foregoing reasons, the Court concludes that Defendant has failed to show that Defendant Bessie Caraway was improperly joinder.  Because Caraway and Plaintiffs are all citizens of Texas, Allstate has failed to demonstrate the existence of diversity jurisdiction.  Accordingly, it is hereby

**ORDERED** that Plaintiffs' Motion to Remand [Doc. # 6] is **GRANTED** and this case is **REMANDED** to the Harris County Court at Law Number Three.  The Court will issue a separate remand order.

SIGNED at Houston, Texas, this **16th** day of **May, 2005**.

_____
Nancy F. Atlas
United States District Judge